# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANNY R. DAWKINS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 12-055-RAW-KEW |
| | ) |
| **ROBERT PATTON, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Hughes County District Court Case No. CF-2008-20 for First Degree Manslaughter (Count 1) and Possession of a Sawed-Off Shotgun (Count 2), After Former Conviction of a Felony. He sets forth the following grounds for relief:

I. The petitioner has an absolute right to use deadly force to repel an unlawful intruder. Therefore, he is immune from prosecution, and his conviction for Manslaughter is in violation of his legal rights and must be vacated and dismissed.

II. The instruction on Okla. Stat. tit. 21, § 1289.25, was inaccurate and confusing and did not properly convey the law to the jury.

III. Irrelevant instructions, coupled with the prosecutor's misleading argument, erroneously conveyed to the jury that Mr. Dawkins was not legally entitled to act in self-defense, violating the Fourteenth Amendment to the United States Constitution and Article II §§ 7 and 20 of the Oklahoma Constitution.

IV. Evidence of flight was never contested by Mr. Dawkins, rendering the flight instruction a violation of the petitioner's fundamental

> presumption of innocence.

V. Prosecutorial Misconduct.

VI. Ineffective Assistance of Counsel.

VII. Violation of Due Process of Law and the Oklahoma Constitution.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's appellate reply brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Dawkins v. State*, 252 P.3d 214, 217 (Okla. Crim. App. 2011).

D. Excerpts of petitioner's jury instructions.

E. Transcripts of petitioner's jury trial proceedings.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

The Oklahoma Court of Criminal Appeals set forth the facts of the case as follows:

> Just after midnight on February 6, 2008, Dawkins fatally shot Brandon Sanford in the chest with Dawkins's sawed-off shotgun. Sanford had been in an abusive relationship with 19-year-old Shonna Jennings. Shonna lived with her older sister Summer in Holdenville. On February 5, Sanford came to their house, got in a fight with Shonna, and knocked her to the ground. He left, got drunk, and eventually returned to Shonna's house around midnight.
>
> Dawkins had never met Sanford but Shonna had told Dawkins about him. After Sanford left on the night of February 5, Dawkins and his friend James Bradley picked up the girls. They drove to Seminole, stopping at Holdenville Lake. Dawkins usually carried a sawed-off shotgun, and he, Bradley, and Shonna fired the gun while they were at the lake. They returned to the girls' house. Bradley sat on the couch and Dawkins went outside. Sanford drove up and immediately walked in the house uninvited. Dawkins got his sawed-off shotgun from his car. Sanford spoke to Shonna briefly but was distracted when he saw Bradley on the couch. Asking if Bradley wanted to start something, Sanford began to hit Bradley. Summer and Shonna yelled at Sanford to stop. As Sanford attacked Bradley, Dawkins stepped inside the front door. Sanford turned to look at him. Dawkins raised the gun and shot Sanford once in the chest. Dawkins admitted shooting Sanford but told police it was an accident. Arguing that Sanford was leaving Bradley and coming for him, he claimed self-defense at trial.

*Dawkins v. State*, 252 P.3d 214, 217 (Okla. Crim. App. 2011). The OCCA's factual findings are entitled to a presumption of correctness, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**Ground I: "Stand Your Ground" Statute**

Petitioner alleges he should have been immune from prosecution for Manslaughter, because he had an absolute right to use deadly force under the "stand your ground" law. The respondent asserts this claim is an issue of state law that involves application of a statute enacted by the state legislature, and its interpretation must be left up to Oklahoma's highest court.

3

The OCCA interpreted the "stand your ground" statute, Okla. Stat. tit. 21, § 1289.25 (Supp. 2006), and denied relief on this issue of first impression. *Dawkins*, 252 P.3d at 217-20.

> [T]his Court finds that the Legislature intended the "stand your ground" provisions to protect regular, law-abiding citizens from intruders bent on criminal activity. We therefore conclude that the Legislature's intent was to exclude from the benefit of this statute persons who are actively committing a crime, not persons who have or may have committed a crime in the past.

*Id*. at 218. "Dawkins had an illegally modified weapon--his sawed-off shotgun--and used it to shoot Sanford. At the time he used deadly force, he was engaged in an unlawful act, and he does not get the benefit of the statute." *Id*. at 217.

The OCCA's interpretation of state law is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, as the state's highest criminal court, the OCCA's conclusion regarding the intent of Oklahoma's legislature was binding. *See Cummings v. Evans*, 161 F.3d 610, 614-15 (10th Cir. 1998). The ground for habeas relief fails.

**Ground II: "Stand Your Ground" Instructions**

In Ground II petitioner claims the jury instructions on the "stand your ground" statute, Okla. Stat. tit. 21, § 1289.25, were inaccurate and confusing and did not properly present the law to the jury. The OCCA denied relief on this claim, finding that, as discussed above, the law did not apply to petitioner's case. *Dawkins*, 252 P.3d at 219. Therefore, "any possible error in instruction [was] harmless." *Id*. The respondent alleges that any error in the instructions was a matter of state law and did not deprive petitioner a fundamentally fair trial.

> In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. *Lujan v. Tansy*, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120

4

(1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990), *cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). . . .

*Maes v. Thomas*, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

Here, the court agrees that this issue is one of state law, which is not cognizable in a federal habeas corpus action. Furthermore, the instructions did not deprive petitioner of a fundamentally fair trial. Therefore, this claim is without merit.

**Ground III: Self-Defense Instructions**

Petitioner next asserts the jury was erroneously instructed with irrelevant self-defense instructions. He maintains that because the evidence at trial showed he was not the aggressor, it was not necessary to provide such instructions that misled the jury to find he was not acting in self-defense. The respondent alleges the OCCA's determination that the jury was properly instructed is a matter of state law, and petitioner was not denied a fair trial.

> We find . . . that Dawkins requested the uniform jury instructions on self-defense given by the trial court. A defendant may not invite error by complaining after the trial court gives his proposed instructions. *Hogan v. State*, 139 P.3d 907, 925 (Okla. Crim. App. 2006). In addition, the instructions accurately stated the applicable law, and the trial court did not abuse its discretion in instructing jurors on self-defense. *Spence v. State*, 177 P.3d 582, 584 (Okla. Crim. App. 2008). We further find that the prosecutor did not improperly argue the law based on these instructions. Dawkins claimed self-defense; whether he or Sanford was the aggressor was a question for the jury. Both sides have wide latitude to argue the evidence and inferences from it.

5

> *Bell v. State*, 172 P.3d 622, 624 (Okla. Crim. App. 2007). The argument, to which Dawkins did not object, was based on the evidence and there is no plain error.

*Dawkins*, 252 P.3d at 219.

The State's evidence showed that when petitioner shot Sanford in the chest with his sawed-off shotgun, Sanford was beginning to punch Bradley. *Dawkins*, 252 P.3d at 217. The shooting clearly was more force than necessary to stop Sanford from attacking Bradley, and there was no evidence that petitioner attempted to stop the attack by any other means. While Sanford's act was dangerous, it did not justify the shooting. The State proved beyond a reasonable doubt that petitioner's use of deadly force far exceeded what was necessary to stop Sanford's attack, and no rational trier of fact would have found that petitioner acted in self-defense.

As set forth by the OCCA, petitioner requested the self-defense instructions and made no objections to their use or to the prosecutor's arguments. *Dawkins*, 252 P.3d at 219. After careful review, the court finds petitioner has failed to show that the alleged instruction error "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The court further finds that the OCCA's determination of this claim was not contrary to, or an unreasonable application of federal law, and the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Furthermore, the prosecutor's challenged comment was a proper statement on the law of self-defense, and under the facts of this case, the jury was charged with determining whether petitioner was an aggressor. The prosecutor's complained-of statements about the defense of self-defense came during closing arguments:

> . . . [Instruction 43] talks about a reasonable person under the circumstances. And from the viewpoint of the Defendant, the Defendant, by his very actions, was not a reasonable person. Reasonable people don't carry around loaded sawed-off shotguns. By his very actions throughout the course of that evening and in the days preceding, he negates any protection that he could get from being a reasonable person because he's not.

(Tr. V 140).

Petitioner argues the prosecutor's statements were misleading, because the self-defense statute does not have a "reasonable person" requirement. The State's evidence was that petitioner had been carrying around the sawed-off shotgun used to kill Bradley, showing that petitioner had prepared himself for an altercation with someone, and it was not reasonable for petitioner to believe Bradley was in imminent danger of death or great bodily harm, based upon the surrounding circumstances. The OCCA discussed this issue as follows:

> The prosecutor never argued that Dawkins had any obligation to tell others he acted in self-defense. Instead, she argued that Dawkins had made statements to other people that were not consistent with his claim of self-defense. As we determined in Proposition I that the "stand your ground" law does not apply in this case, any claim of error based on argument relating to this law is moot. The prosecutor did not mislead jurors regarding the "reasonable person" standard used in the self-defense instructions. Rather than attempting to define the term, the prosecutor argued that Dawkins was not a reasonable person. The prosecutor argued facts not in evidence by stating that a witness referred to Dawkins's weapon as a "killing machine." That phrase is not in the trial record. However, Dawkins fails to show that he was prejudiced by this extra-record remark. Without prejudice, there is no plain error. Okla. Stat. tit. 20 § 3001.1.

*Dawkins*, 252 P.3d at 220.

During closing statements both the prosecution and the defense are accorded a significant latitude to argue the evidence presented and any logical or reasonable inferences arising therefrom. *Hooper v. Mullin*, 314 F.3d 1162, 1172 (10th Cir. 2002); *Pavatt v. State*, 159 P.3d 272, 291 (Okla. Crim. App. 2007). "[I]t 'is not enough that the prosecutor['s]

7

remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983)). Instead, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). After a careful review of the record, the court finds the decision by the OCCA was not contrary to or an unreasonable application of federal law, and its decision was not based on an unreasonable determination of the facts. This ground for habeas relief fails.

**Ground IV: Evidence of Flight**

Petitioner alleges in Ground IV that the trial court improperly gave the jury an instruction on flight. The OCCA found the instruction was given in error, because petitioner "raised self-defense, but he neither testified nor explained his departure from the scene, and the flight instruction should not have been given." *Dawkins*, 252 P.3d at 219 (citations omitted).

> Under the circumstances of this case the error does not require relief. Jurors considered and rejected Dawkins's claim of self-defense; they considered and rejected the State's allegation that Dawkins shot Sanford with malice. Jurors concluded that Dawkins committed manslaughter. The record does not support a conclusion that the erroneous flight instruction could have changed "in any way the jury's fundamental determination of guilt."

*Id*. (quoting *Hammon v. State*, 898 P.2d 1287, 1309 (Okla. Crim. App. 1995).

**Ground V: Prosecutorial Misconduct**

Petitioner next challenges the prosecutor's comments in closing arguments. The OCCA found the comments did not affect the verdict and denied relief on each comment. *Dawkins*, 252 P.3d at 219-220.

8

The prosecutor first stated that "the presumption of innocence is not something for guilty men to hide behind," and "the shield of innocence should be removed from him." (Tr. V 133). The OCCA found that while the prosecutor should not have made the argument, it did not affect the verdict, so no relief was warranted. *Dawkins*, 252 P.3d at 219-20.

The record shows the evidence that petitioner committed the offense of First Degree Manslaughter was overwhelming, and the jury was given specific instructions regarding the presumption of innocence. (Tr. V 18-19; Docket No. 15-4 at 1, 6). *See Spears v. Mullin*, 343 F.3d 1215, 1247 (10th Cir. 2003) ("Any improper comments, interspersed with this relevant evidence, did not affect the jury's verdict or deny [petitioner] a fair trial."). Therefore, the OCCA's determination that the comment did not affect the verdict was proper, and habeas relief cannot be granted on this claim.

Petitioner also asserts the prosecutor's remarks in closing arguments improperly called attention to his decision not to testify and impermissibly shifted the burden of proof. Again, there was no contemporaneous objection to the comments, which is relevant to the assessment of fundamental unfairness. *Trice v. Ward*, 196 F.3d 1151, 1167 (10th Cir. 1999).

> Dawkins did not testify. The record suggests the prosecutor intended to argue that Dawkins explained his actions in his own words, that jurors heard these words through other witnesses, and that Dawkins's explanations were not consistent with his trial claim of self-defense. This would have been proper argument. However, in making it the prosecutor told jurors, "He did testify." A prosecutor should not comment on a defendant's decision not to testify. Okla. Stat. tit. 22 § 701. This Court has found that similar statements may not amount to reversible error depending on the circumstances of the case. *Byrne v. State*, 620 P.2d 1328, 1334. Defense counsel told jurors Dawkins would testify, he did not, and defense counsel discussed this in closing. By the time the prosecutor used her unfortunate phrasing, Dawkins's failure to testify had already been called to the jurors' attention. Dawkins was convicted of a lesser included offense. Under the circumstances of this case, the comments do not rise to the level of plain error and no relief is necessary.

9

*Dawkins*, 252 P.3d at 220.

"[R]eversible error exists if a prosecutor's remarks were "manifestly intended or [were] of such character that the jury would naturally and necessarily take [them] to be a comment on the failure of the accused to testify." *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955); *accord United States v. Hooks,* 780 F.2d 1526, 1533 (10th Cir.), *cert. denied,* 475 U.S. 1128 (1986). While the prosecutor's statements impugned the strength of petitioner's case, the arguments were directed at petitioner's statements prior to his arrest, not his decision not to testify at trial. The prosecutor did not attempt to infringe or bring to the jury's attention that petitioner did not testify, and as the OCCA found, the defense previously had brought to the jury's attention that he did not testify. In addition, the jury was instructed that petitioner's failure to testify should have no effect on their decision. (Docket No. 15-4 at 24). The OCCA's determination of this claim was consistent with federal law.

Petitioner next alleges the prosecutor attempted to shift the burden of proof through the statement concerning a "reasonable person" discussed above in Ground III. (Tr. V 140). Again, petitioner made no objection. He argues the comment was misleading, because the self-defense statute does not have a "reasonable person" requirement.

> . . . Oklahoma's standard of self-defense is a hybrid, combining both an objective and subjective standard. *Bechtel v. State*, 840 P.2d 1, 11 (Okla. Crim. App. 1992). As such, a fact-finder must first determine whether the defendant believed that he was faced with imminent danger of death or great bodily harm before he used physical force and then determine whether the defendant's belief was reasonable. The fact-finder must view the situation first from the subjective perspective of the defendant, but the defendant's belief then must be found to be objectively reasonable. As we said in *Bechtel*, 840 P.2d at 6, "[t]he bare belief that one is about to suffer death or great personal injury will not, in itself, justify taking the life of [one's] adversary. There must exist *reasonable* grounds for such belief at the time of the killing."

*Perryman v. State*, 990 P.2d 900, 903-04 (Okla. Crim. App. 1999) (emphasis in original).

The OCCA discussed petitioner's allegation of prosecutorial misconduct and found there was no plain error to warrant relief.

> The comment regarding Dawkins's statements did not shift the burden of proof. Dawkins was required to present evidence of self-defense, through his own or the State's witnesses; only then does the State have the burden to prove beyond a reasonable doubt that the defendant was not acting in self-defense. *Perez v. State*, 798 P.2d 639, 641 (Okla. Crim. App. 1990). The prosecutor never argued that Dawkins had any obligation to tell others he acted in self-defense. Instead, she argued that Dawkins had made statements to other people that were not consistent with his claim of self-defense. As we determined . . . that the "stand your ground" law does not apply in this case, any claim of error based on argument relating to this law is moot. The prosecutor did not mislead jurors regarding the "reasonable person" standard used in the self-defense instructions. Rather than attempting to define the term, the prosecutor argued that Dawkins was not a reasonable person. The prosecutor argued facts not in evidence by stating that a witness referred to Dawkins's weapon as a "killing machine." That phrase is not in the trial record. However, Dawkins fails to show that he was prejudiced by this extra-record remark. Without prejudice, there is no plain error. Okla. Stat. tit. 20 § 3001.1.

*Dawkins*, 252 P.3d at 220.

The jury was formally instructed that the State carried the burden of proving beyond a reasonable doubt that petitioner committed the charged offenses and that argument of counsel was not evidence. (Docket No. 15-4 at 4-8, 22-23, 25-26). The jury is presumed to have followed the instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. March*, 481 U.S. 200, 211 (1987).

After careful review, the court finds the comments did not infect the trial with unfairness that made the resulting conviction a denial of due process. *See Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009), *cert. denied*, 559 U.S. 1014 (2010). The court further finds that the OCCA's decision on this issue again was consistent with federal law. *See* 28 U.S.C. § 2254(d).

**Ground VI: Ineffective Assistance of Trial Counsel**

In Ground VI petitioner claims his trial counsel was ineffective in failing to object and preserve challenges to the jury instructions and the instances of alleged prosecutorial misconduct. The respondent alleges the OCCA correctly determined that petitioner was not denied the effective assistance of trial counsel.

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . .

*Strickland*, 466 U.S. at 687.

The OCCA denied relief on this issue on the merits in petitioner's direct appeal:

> . . . [Counsel] was not ineffective. Dawkins must show both that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We review counsel's performance against an objective standard of reasonableness under prevailing professional norms, and we will not second-guess strategic decisions. *Harris v. State*, 164 P.3d 1103, 1114-15 (Okla. Crim. App. 2007); *Rompilla v. Beard*, 545 U.S. 374, 380-81 (2005). If we find that Dawkins has not shown prejudice we need not reach the claim of deficient performance. *Williams v. Taylor*, 529 U.S. 362, 393 (2000) (defendant prejudiced where counsel's actions deny him a substantive or

procedural right to which he is entitled by law); *Strickland*, 466 U.S. at 694. *Dawkins*, 252 P.3d at 220.

Without expressing an opinion on whether counsel's performance was deficient, the court finds it is "easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient." *Davis v. Executive Director of Dep't of Corrections*, 100 F.3d 750, 760 (10th Cir. 1996), *cert. denied*, 520 U.S. 1215 (1997) (quoting *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993)). After careful review, the court finds that even if trial counsel had made the objections and preserved challenges to the jury instructions, the outcome of the trial would not have been different. Therefore, petitioner's trial counsel was not ineffective, and the OCCA's decision on this issue was consistent with federal law.

**Ground VII: Violation of the Due Process Clause and the Oklahoma Constitution**

Finally, petitioner claims that the combined errors of the previously discussed grounds for relief resulted in a denial of due process under the federal and state constitutions. The OCCA found no merit in this claim. "Where a trial has been fairly conducted, cumulative errors do not require relief." *Dawkins*, 252 P.3d at 221 (citing *Brumfield v. State*, 155 P.2d 826, 840 (Okla. Crim. App. 2007)).

"Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors." *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 522 U.S. 844 (1997) (citing *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990)). *See also Castro v. Ward*, 138 F.3d 810, 832-33 (10th Cir.), *cert. denied*, 525 U.S. 971 (1998); *Le v. Mullin*, 311 F.3d 1002, 1023 (10th Cir. 2002), *cert. denied*, 540 U.S. 833 (2003) ("When reviewing a case for cumulative error, only actual

errors are considered in determining whether the defendant's right to a fair trial was violated.").

Again, the OCCA's analysis of this claim was not contrary to or an unreasonable application of federal law, and its decision was not based on an unreasonable determination of the evidence presented at trial. 28 U.S.C. § 2254(d). Ground VII also fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 4th day of February 2015.

                                **KIMBERLY E. WEST**
                                **UNITED STATES MAGISTRATE JUDGE**